WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda K. Green,<br><br>                Plaintiff,<br><br>v.<br><br>Michael J. Astrue,<br><br>                Defendant. | No. CV-07-01382-PHX-DGC<br><br>**ORDER** |

     Eric Slepian, counsel for Plaintiff Brenda Green, has filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b).  Doc. 44.  No response has been filed. The Court will grant the motion and award fees in the amount of $7,212.00.

     Plaintiff applied for disability insurance benefits and supplemental security income on October 20, 2003.  Doc. 37 at 1.  Plaintiff commenced this action for judicial review in July 2007 and the Court ultimately remanded the case for further proceedings. *Id.* at 11.  The Court then awarded Plaintiff's counsel $5,550.00 in attorney fees pursuant to the Equal Access for Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. 42.  On remand, Plaintiff was awarded benefits and Defendant withheld 25 percent of the benefits awarded – $7,212.00 – for the payment of attorney fees.  Doc. 44-1 at 4.

     The fee agreement between Mr. Slepian and Plaintiff provides that Mr. Slepian shall receive 25 percent of the past-due benefits awarded to Plaintiff as a result of Mr. Slepian's representation.  Doc. 44-1 at 2.  The agreement indicated that Mr. Slepian would receive the greater of $5,300.00 or "the maximum statutory allowance, of all past

due benefits . . . under Title II and Title XVI[.]" *Id.* Mr. Slepian now seeks an order authorizing payment of the $7,212.00 withheld by Defendant and argues that his request is reasonable. Doc. 44 at 2.

Section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794. Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.*

Mr. Slepian filed an itemization of services along with his EAJA fee motion (Doc. 39-1 at 5), showing that he spent 35.40 hours on this case. If Mr. Slepian were to receive the full 25 percent of past-due benefits as provided in the fee agreement, he would receive a fee equivalent to approximately $203.00 per hour. Having considered the reasonableness factors set forth in *Ginsbrecht*, the Court concludes that $203.00 per hour is a reasonable rate. Mr. Slepian achieved a favorable result for Plaintiff and should

be compensated to recognize the risks involved in contingent fee litigation. The Court will award Mr. Slepian $7,212.00 for his representation of Plaintiff. The Court notes that Mr. Slepian has already been awarded $5,500.00 under the EAJA. The Court will award Mr. Slepian the full § 406(b) amount and direct him to refund to Plaintiff the smaller EAJA award. *See Gisbrecht*, 535 U.S. at 796.

**IT IS ORDERED:**

1. The motion for an award of attorney fees filed by Plaintiff's counsel, Eric Slepian (Doc. 44) is **granted** pursuant to 42 U.S.C. § 406(b). Mr. Slepian is awarded **$7,212.00** in attorney fees, to be paid out of the sums withheld by Defendant from Plaintiff's past due benefits.

2. Defendant shall pay Mr. Slepian **$7,212.00** within 30 days from the date of this order.

3. Mr. Slepian shall reimburse Plaintiff **$5,550.00**, the amount previously paid by the government under the EAJA, within 30 days from the date of this order.

4. Mr. Slepian shall provide Plaintiff with a copy of this order.

Dated this 12th day of September, 2014.

_____
David G. Campbell
United States District Judge